STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
KENNEBEC, ss.                           DOCKET NO. CV-02-57

DONALD L. GARBRECHT
LAW LIBRARY

SEP 3 2003

WILLIAM HUDSON, *et al.*,

        Plaintiffs

        v.                              **SUMMARY JUDGMENT**

COMMERCIAL UNION YORK
INSURANCE COMPANY,

        Defendant


        This is a contract action to recover insurance proceeds in a homeowner's policy

issued to plaintiffs William and Elizabeth Hudson by defendant Commercial Union

York Insurance.[1]

        The undisputed material facts indicate the following. The plaintiffs' residence

was destroyed by fire early in the morning of March 14, 2000. William set fire to the

home himself, but did so while he was suffering from an acute psychotic reaction. In

addition, William was not able to appreciate the wrongfulness of his behavior. William

was under the influence of a psychotic delusion that setting the fire would attract the

attention of authorities who would then save his family from unidentified attackers.

When William set fire to his house, his behavior was influenced and effectively

controlled by his paranoid delusions. Immediately after burning his residence, William

was hospitalized as a psychiatric in-patient at MaineGeneral Medical Center in

Augusta.

        Mr. and Mrs. Hudson both filed a claim with the insurer. Mrs. Hudson was paid

on her claim for damage to her personal property, along with paying off the mortgage

---

[1] Commercial Union York Insurance Company is now OneBeacon Insurance Company.

and paying to Mrs. Hudson approximately 50% of the remaining dwelling coverage as her share of the equity. However, the insurer rejected Williams' claim for his share of the equity interest in the home on the theory that his coverage was excluded because he had intentionally started the fire himself. The ultimate issue is whether the insurance policy exclusion for "intentional acts" applies when the insured was under the influence of mental illness at the time he started the fire.

Both parties have moved for summary judgment. In addition, the plaintiffs' claim pursuant to 24-A M.R.S.A. § 2436-A that they are entitled to attorney's fees and a 1.5% per month interest rate on the unpaid balance under the policy because the company's liability is evident to such a degree that it cannot claim to have a "reasonable basis to contest liability."

## Discussion

The insurance policy in question excludes coverage for an insured who commits or directs an act with intent to cause a loss.[2] The policy contains no express exclusion for fires set by an insured under the influence of mental illness. The Law Court has held that coverage exclusions shall be interpreted liberally in favor of the insureds so that coverage will be excluded by virtue of operation of a separate provision only where the exclusion "unambiguously and unequivocally negates coverage." *Patrons-Oxford Mutual Ins. Co. v. Dodge*, 426 A.2d 888, 892 (Me. 1981). However, the Law Court has not

---

[2] Section I – Exclusions states:
      1.     We do not insure for loss directly or indirectly of any of the following.. Such loss is excluded regardless of any other cause or event contributing concurrently in any sequence to the loss.
           . . .
          h. Intentional loss, meaning any loss arising out of any act committed: (1) by or at the direction of an "insured"; and (2) with the intent to cause a loss.

      This exclusion is modified by "Maine Homeowners Composite Endorsement" to read: "We do not provide coverage for an 'insured' who commits or directs an act with the intent to cause a loss."

had occasion to explicitly decide the question of how an insured's mental condition may affect application of an insurance policy's intentional act exclusion clause.

Both sides have sought support from courts in other jurisdictions for their position. After reviewing this case law, the court is satisfied that if called upon to do so, the Law Court would likely follow the rule as set forth as follows in Massachusetts:

> It is a well established rule that 'if the insured was insane at the time he willfully or intentionally caused the fire, the insurer remains liable on the policy' unless there is an express provision to the contrary in the policy, for, in such cases, the insured is deemed to be incapable of forming a fraudulent intent.

*Baker v. Commercial Union Ins. Co.*, 416 N.E.2d 187 (Mass. 1981) (citing COUCH'S ENCYCLOPEDIA OF INSURANCE LAW, § 74:662 at 586 (2nd ed. 1968)). The fact that Mr. Hudson could understand that his actions would cause his house to burn down is legally trumped by his mental illness and the psychotic delusion which led him to start the fire. Under these circumstances, the policy exclusion does not apply.

With regard to that portion of the plaintiff's motion for summary judgment seeking penalties and attorney's fees pursuant to 24-A M.R.S.A. § 2436-A, the court reaches a different answer. The question is whether the insurer acted without "just cause" when it refused to pay William's claim. In light of the fact that Maine courts have not previously assessed the influence of mental illness on an "intentional act" policy exclusion, the question of coverage was a legitimate one. Further, the company's treatment of Mrs. Hudson and prompt payment of her claim are indicative of the company's intent to treat the claims in a fair and equitable manner. Therefore, this portion of the motion will be denied.

3

For the reasons stated above, the entry will be:

(1)     Plaintiffs' motion for summary judgment is GRANTED and summary judgment will be entered for the plaintiffs. The court will retain jurisdiction to conduct a damages hearing if the parties are unable to agree as to the amount.

(2)     Plaintiffs' motion for penalties and attorney's fees pursuant to 24-A M.R.S.A. § 2436-A is DENIED.

(3)     Defendant's motion for summary judgment is DENIED.

Dated: August 26, 2003

S. Kirk Studstrup
Justice, Superior Court

4